UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| DANNY R. CUTSHALL ) | |
| ) | |
| v. ) | NO. 2:05-CV-208 |
| ) | |
| MICHAEL McCARTER, DR. DAN ) | |
| HALE, PAT TAYLOR, and D. C. ) | |
| RAMSEY ) | |

**MEMORANDUM and ORDER**

Danny R. Cutshall, a prisoner formerly housed in the Cocke County Detention Center(CCDC), now imprisoned in the Greene County Detention Center, brings this *pro se* civil rights action for damages under 42 U.S.C. § 1983. The complaint alleges that the defendants failed to protect the plaintiff him from a beating administered by fellow prisoners and also failed to provide medical care for the injuries he sustained in the assault. The plaintiff is **ASSESSED** the civil filing fee of $250.00 under 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of:

    (a)    twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust

        account;

    or

    (b)    twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $250.00 has been paid to the Clerk's Office.[1]  *See McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

The Clerk is **DIRECTED** to send a copy of this memorandum and order to the custodian of inmate trust accounts at the facility where the plaintiff is imprisoned, to ensure compliance with the above fee-assessment procedures.

In his standardized complaint form and handwritten attachment, the plaintiff alleges two main claims.  In the first one, he asserts that on July 28, 2005, he got into a fight with another inmate at the Cocke County facility.  That day and the next, the plaintiff made both oral and written requests to be moved from the cell,

---

[1] Send the payments to:    Clerk's Office, USDC
220 West Depot Street, Ste. 200
Greeneville, TN 37743.

citing problems he was having with 3 or 4 other inmates as the reason for his requests. Those requests were not granted and, on the evening of July 29th, the plaintiff was assaulted by an inmate. As a result of the attack, the plaintiff sustained bruises and other physical injuries, including what he later learned was a perforated left ear drum. He was moved two days later to a holding cell. His second claim is that he was denied medical care at the CCDC, though he made several requests to see a doctor.[2]

There are four named defendants in this lawsuit: Michael McCarter, the administrator at the CCDC; Dr. Dan Hale, the facility's medical director; Pat Taylor, the Chief of Police of Newport, Tennessee; and D. C. Ramsey, the Cocke County Sheriff.

Under 42 U.S.C. § 1997e(a), a prisoner may not bring a § 1983 civil rights action in federal court until such time as he shall have exhausted his available administrative remedies. *See Brown v. Toombs*, 139 F.3d. 1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). Satisfaction of this requirement entails filing a grievance concerning each claim stated in the complaint, *see Northington v. DeForest*, 215 F.3d. 1327 (Table, text at 2000 WL 659260 *1 (6th Cir. May 11,

---

[2]On August 1, 2005, he was transferred to the Greene County Detention Center, where he signed up for sick call and was seen by a Registered Nurse and, later, the jail physician, who diagnosed him as having a hole in his left ear drum.

3

2000) (citing *Brown*)), and identifying each person latter named as a defendant in the federal lawsuit. *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003). Exhaustion is mandatory and applies to all inmate suits about prison life, including general prison conditions and single incidents that affect only particular prisoners. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). In order to satisfy the requirements of § 1997e(a), "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). A prisoner bears the burden of showing that he has exhausted his remedies. *Brown,* 139 F.3d at 1104. A district court must enforce the exhaustion requirement *sua sponte*. *Id.*

The plaintiff asserts in paragraph II of his complaint that the CCDC has a prisoner grievance procedure and that he "explained what happened,... asked for a grievance[,] and turned it in." He also maintains that he receive neither a grievance hearing nor a response to his grievance. The plaintiff, however, has not attached a copy of his grievance, though he does claim that he made a copy of his grievance but that he does not know "where it went." Moreover, notwithstanding his assertion that he "explained on grievance what all happened," this does not constitute a specific description of the nature of his grievance. *See Knuckles El*, 215

4

F.3d at 642. Apart from his conclusory assertion that he explained "what all happened," there is absolutely no evidence to show that the plaintiff has exhausted his administrative remedies by presenting all the facts underlying his § 1983 claims to the jail authorities. *See Williams v. Johnson*, 20 Fed.Appx. 365, *367, 2001 WL 1136022, **1 (6th Cir. Sept. 20, 2001).

The Sixth Circuit has held that a complaint must be dismissed *sua sponte* where a plaintiff fails to allege exhaustion of administrative remedies with "particularized averments." *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002). It has also held that every single claim must be exhausted through the grievance system and that the PLRA requires a complete dismissal of a prisoner's complaint when he alleges both exhausted and unexhausted claims. *Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005).

The Court has reviewed the plaintiff's allegations concerning the exhaustion issue and does not find that he has made particularized averments to show that he has exhausted his administrative remedies as to all claims raised in his complaint. Accordingly, because the plaintiff has the burden of showing he has exhausted his administrative remedies with respect to the claims raised in his § 1983 complaint and because he has failed to carry his burden in this instance, this action will be **DISMISSED** without prejudice for failure to exhaust administrative

5

remedies.

Finally, the Court is in receipt of a letter from the plaintiff, dated August 10, 2005, alleging that his civil rights complaint and related paperwork were mailed to the Court; that sufficient postage was placed on the envelope; that Angela Morgan, the mail clerk at the Greene County Detention Center, peeled off one of the stamps to ensure that his mail would not reach its destination; and that, subsequently, the mail was returned to him, marked "postage due .23." He claims that it is a crime to tamper with the mail. He has also enclosed a copy of a grievance showing that he presented this matter to the jail authorities for resolution, though the grievance form does not contain a response, perhaps because it was dated August 10, 2005, the same day it was mailed to the Court.

It is not altogether clear whether the plaintiff intended to assert the facts offered in his letter as his third § 1983 claim. However, if he did, and assuming that such a claim has been administratively exhausted and could be raised in the manner in which it has been presented, it could not proceed. This is so because the Sixth Circuit has ruled that "mixed complaints" (i.e., those containing exhausted and unexhausted claims) must be dismissed, *see Johnson*, 407 F.3d at 805, and because this complaint would be a mixed complaint if it contained this "exhausted" claim along with the two unexhausted claims discussed earlier in this opinion.

A separate order will enter.

ENTER:

                                       s/Thomas Gray Hull
                                       THOMAS GRAY HULL
                                          SENIOR U. S. DISTRICT JUDGE